[No. 22223. Department One. March 5, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN H. McHUGH, *Appellant.*[1]

*Henry Clay Agnew*, for appellant.

*Ewing D. Colvin* and *Cordelia M. Thiel*, for respondent.

MITCHELL, C. J.—John H. McHugh was found guilty of robbery and has appealed from a judgment on the verdict.

The only assignment of error relates to the direct

[1]Reported in 285 Pac. 938.

examination of the complaining witness, O. H. Otterback, with reference to his service in the World War. The argument is that his being questioned with reference to that service tended to create sympathy for him that resulted in disadvantage to the appellant. It appears to be plain from the record that there was something unusual about the power of speech and the features of the witness. It was so claimed by the prosecution and not denied on behalf of the appellant.

Upon being sworn, the witness Otterback was requested on behalf of the prosecution to speak slowly and just as distinctly as he could, so that he might be understood. Thereupon, in answer to questions, he stated that he was in the United States Army in France eight months, and that he was engaged in the battle of the Argonne. Counsel for the appellant objected to the testimony as irrelevant. The prosecution claimed the right to ''show how the witness happened to be in his present condition.'' Appellant's objection was overruled. The witness then said that he was in the Argonne drive and that his present condition resulted from his military service. Objection and motion to strike on behalf of the appellant were overruled and denied.

That was all that occurred concerning the matter. The testimony was clear and limited. There was no attempt to have it repeated or to extend the inquiry upon that subject. The matter was well within the control of the trial judge; while as to the prosecution we find nothing in the record to indicate any purpose or intent to be unfair to the appellant, or that the witness was thus questioned for any other than the legitimate purpose mentioned by the assistant prosecuting attorney at that time.

Affirmed.

MILLARD, TOLMAN, PARKER, and BEALS, JJ., concur.